# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| KAREN COX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09-04218-CV-C-NKL |
| | ) |
| WALGREEN CO., INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## ORDER

Before the Court is the Motion for Summary Judgment [Doc. # 18] filed by Defendant Walgreen Co., Inc. For the following reasons, the Court denies the motion.

## I.  Background[1]

On December 1, 2008, at approximately 5:30 a.m., Plaintiff Karen Cox slipped on ice while walking from her vehicle to the front door of a twenty-four-hour Walgreens store in Columbia, Missouri. Plaintiff's fall occurred as she was stepping from the parking lot to the sidewalk, approximately 15 feet from the entrance doors.

At the time of the accident, there was ice on Defendant's parking lot or sidewalk. According to a meteorological report from the National Climatic Data Center, trace amounts of light, intermittent mist and precipitation were recorded at Columbia Regional Airport in

---

[1] The Court has considered the parties' statements of undisputed fact which are supported by evidence. In considering each party's motion, the Court has drawn all inferences in favor of the non-movant.

the early morning hours of December 1, 2008. The same report indicates that the temperature was between 27 and 29 degrees Fahrenheit in the hours before Plaintiff's fall, and the high temperature on December 1 was 32 degrees, with a low of 21 degrees.

Plaintiff Cox does not recall seeing any icy conditions on the parking lot or sidewalk prior to her fall. Nor is there any evidence that Defendant Walgreen Co. had actual knowledge of the icy condition. However, Defendant's employee William Brittendall took a smoke break on the front sidewalk of the Walgreens store at 1:00 a.m., on the morning of Plaintiff Cox's fall. At 3:00 a.m., Brittendall went outside the store to the parking lot and front sidewalk area for about ten to fifteen minutes. At 5:00 a.m., Brittendall took a smoke break for five to ten minutes on the front sidewalk. Brittendall claims that he observed no ice at any of those times or after Plaintiff's fall.

Brian Steen and Brandon Shurtz were the paramedics who were dispatched to assist Plaintiff Cox at 5:54 a.m., on December 1, arriving at the Walgreens store at 6:01 a.m. Both paramedics stated that the area where Plaintiff fell was icy. Shurtz stated in an affidavit: "I saw ice in the area where the victim fell . . . . It was extremely slick outside at this area where Ms. Cox fell and I also slipped in this same area." [Doc. # 20-3.]

## II. Discussion

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party "bears the initial responsibility of informing the district court of the basis for its

2

motion" and must identify "those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, Rule 56(e) requires the non-moving party to respond by submitting evidentiary materials that designate "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In determining whether summary judgment is appropriate, a district court must look at the record and any inferences to be drawn from it in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* at 248.

In this Motion for Summary Judgment, Defendant Walgreen Co. puts forth two separate theories by which it owed no duty to Plaintiff Cox. First, Defendant argues that it had no duty because "plaintiff cannot prove that defendant had actual or constructive notice of the icy condition." [Doc. # 19 at 6.] Second, Defendant argues that it had no duty because "[t]he undisputed facts demonstrate that, at the time of plaintiff's fall, a natural accumulation of ice existed on the Walgreens parking lot/sidewalk due to weather conditions that were general to the Columbia, Missouri community." *Id.* at 10.

**A.     Constructive Notice**

To establish an owner's premises liability under Plaintiff's negligence theory:

[A]n injured invitee must show: (1) a dangerous condition existed on defendant's premises which involved an unreasonable risk; (2) the defendant knew or by using ordinary care should have known of the condition; (3) the

3

defendant failed to use ordinary care in removing or warning of the danger; and (4) the plaintiff sustained injuries as a result of such condition.

*Steward v. Baywood Villages Condominium Ass'n*, 134 S.W.3d 679, 682 (Mo. Ct. App. 2004) (citations omitted). Defendant Walgreen Co. argues that Plaintiff Cox has failed to submit sufficient evidence by which a reasonable juror could conclude that it had notice of the icy condition. It is uncontroverted that Defendant had no actual notice of the icy condition. The issue here is whether Defendant had constructive notice – i.e., whether Defendant should have known of the condition by using ordinary care.

Defendant relies primarily on *Gatley v. Wal-Mart Stores, Inc.*, in which Missouri Court of Appeals Chief Judge Garrison provided a summary of Missouri slip and fall law. As a starting point:

> In *Sheil v. T.G. & Y. Stores Co.*, 781 S.W.2d 778 (Mo. banc 1989), the Missouri Supreme Court made a significant departure from previous slip and fall cases which required evidence that a condition had existed for a sufficient length of time so that a storeowner should have known of the dangerous condition. It described the prior cases as holding that the storeowner is charged with responsibility for known danger but has only minimal duty to anticipate dangers. *Id.* at 70.

16 S.W.3d 711, 713 (Mo. Ct. App. 2000). Although *Sheil* involved a customer's handling of merchandise inside the store, it concluded that the box in the aisle there "was a dangerous, foreseeable condition, and the store had the duty to use due care to protect customers against dangers of this kind." 781 S.W.2d at 781.

*Gatley*, on the other hand, involved a slip and fall outside, as had *Moss v. Nat'l Super Markets, Inc.*, 781 S.W.2d 784 (Mo. banc 1989). *Gatley* and *Moss* also both involved spills

4

of unnatural substances – green and brown liquids, respectively. *See Gatley*, 16 S.W.3d at 714. In *Moss*, the Missouri Supreme Court again declined to "follow the numerous cases holding that a period of as short as 20 minutes is not adequate to show constructive notice to the owner," instead writing that under *Sheil*, "these periods may not be so important as they once were, especially if the evidence shows that employees of the store were regularly in the area in which the accident occurred." 781 S.W.2d at 786. Because the record was "barren of evidence about the defendant's method of operation," *Moss* remanded the case for a new trial "to permit the plaintiff to offer evidence about the occasion for store employees to go onto the parking lot." *Id.* As Defendant Walgreen Co. recognizes [Doc. # 19 at 6], *Gatley* concluded that the defendant had "no liability for a condition which appeared suddenly before Plaintiff's fall that it could either not reasonably foresee or which its employees did not have a reasonable opportunity to observe and correct." 16 S.W.3d at 716.

Here, therefore, Plaintiff has failed to present a submissible case if a reasonable juror could not find that Defendant Walgreen Co. had constructive notice because (1) it could not have reasonably foreseen the icy condition and (2) its employees could not have had a reasonable opportunity to observe and correct the icy condition. First, the foreseeability of ice on a freezing December morning is distinguishable from the foreseeability of the spills of unnatural substances in *Gatley* and *Moss*. Those spilled substances were either "not an item regularly merchandised in the store" or "[e]ven assuming . . . the substance on the sidewalk was of a type sold by [the defendant] . . . was located outside the store and not in a department where the store would . . . have constructive notice that it would be spilled."

*Id.* at 714; *see also Elmore v. Wal-Mart Stores, Inc.*, 812 S.W.2d 178, 181-82 (Mo. Ct. App. 1991) ("The foreseeability present in *Sheil* . . . cannot be said to be present here" because, like the outside spill in *Moss*, the breath mints spilled inside were "not an item regularly merchandised in the store."). While *Elmore*, for example, did not present a genuine issue of material fact because the breath mints on the floor in the fabric department were unforeseeable, the foreseeability of ice outside the Walgreens store in December with temperatures at 27 to 29 degrees Fahrenheit does present a genuine issue of material fact.

Even if ice outside on a freezing December morning were not foreseeable, a reasonable jury could also conclude from the evidence submitted here that Defendant's employee Brittendall had a reasonable opportunity to observe and correct the icy condition. Again, in *Moss*, the Missouri Supreme Court downplayed the importance of the period of time that a dangerous condition existed, focusing instead on whether "evidence show[ed] that employees of the store were regularly in the area in which the accident occurred." 781 S.W.2d at 786. Here the evidence indicates that Defendant's employee Brittendall was in the area in which the accident occurred a total of three times in the hours before Plaintiff Cox fell. On one of those occasions he walked through the parking lot, while on the other two occasions he stood on the sidewalk for ten to fifteen minutes. Thus, a reasonable jury could conclude from this evidence that Defendant's employee had a reasonable opportunity to observe the icy condition. A reasonable juror could also conclude that Defendant's employees had a reasonable opportunity to correct the condition because it appears that deicing salt was available on the premises. [Doc. # 20-4 at 58.]

For the reasons stated above, a reasonable juror could conclude that Defendant Walgreen Co. had constructive notice of the icy condition. Therefore, Defendant's first argument that it owed no duty to Plaintiff Cox as a matter of law fails.

**B.     Natural Accumulation and General Condition**

Defendant Walgreens Co. also argues that it owed no duty to Plaintiff because "[t]he undisputed facts demonstrate that, at the time of plaintiff's fall, a natural accumulation of ice existed on the Walgreens parking lot/sidewalk due to weather conditions that were general to the Columbia, Missouri community." [Doc. # 19 at 10.] Plaintiff Cox responds that "[t]here exists dispute to the material fact as to the general weather condition at the time of the Plaintiff's fall." [Doc. # 20 at 6.]

Under Missouri law, an owner of land generally "has no duty to remove ice or snow from outside areas or from an abutting sidewalk where the ice or snow accumulated there naturally as a result of the general weather conditions in the community." *Cooper v. Capital Inv., LLC*, 204 S.W.3d 331, 334-35 (Mo. Ct. App. 2006) (citations omitted). Missouri courts apply this rule because "a general condition of ice or snow creates a natural hazard to everyone who ventures out." *Id.* at 335 (citing *Willis v. Springfield Gen. Osteopathic Hosp.*, 804 S.W.2d 416, 419 (Mo. Ct. App. 1991)). *Willis* noted that this rule was first adopted in *Woodley v. Bush*, 272 S.W.2d 833, 834-35 (Mo. Ct. App. 1954), where the court reasoned:

> [W]here the condition is one general to the community it creates a natural hazard to everyone who ventures out at such time. The condition is brought about by no one and no one's efforts can appreciably lessen the danger present. As applied to the state of facts before us, the alley through which the plaintiff walked was just as icy as the premises upon which she lived, so that when she

7

> was on her way to and from work she was at all times subject to the danger of slipping. Had there been a clear walk to the alley it would have afforded her sure footing but for a very few feet and left her confronted with an icy road for the rest of her way. Thus any effort of the landlord would in fact only diminish the natural hazard to a very negligible degree. The logic of the majority of the cases is consequently impelling and the landlord should not be held liable to a tenant for injuries caused by a natural accumulation of ice and snow general to the community.

*Willis*, 804 S.W.2d at 419 (quoting *Woodley*, 272 S.W.2d at 835). Thus, while Defendant argues that its conduct did not fit within the exception to this general rule, the rule is only applicable where the ice or snow accumulated naturally as part of a general condition in the community, such that it created a hazard to everyone who ventured out. "Whether a weather condition of ice or snow was a general condition in the community or was an isolated condition in a particular area and whether a duty exists are questions of fact for a jury." *Cooper*, 204 S.W.3d at 335 (citations omitted).

Here, Defendant's employee Brittendall testifies that he observed no ice or snow on the sidewalk or in the parking lot just prior to Plaintiff's fall. Plaintiff testifies that she does not recall seeing any icy conditions on the parking lot or sidewalk prior to her fall. On the other hand, paramedics Steen and Shurtz reported icy conditions, and at Columbia Regional Airport intermittent mist and precipitation were recorded in the freezing early morning hours of December 1, 2008.

Although Plaintiff's brief initially admits paragraph 11 of Defendant's statement of the facts – alleging that "a natural accumulation of ice existed on defendant's parking lot and/or sidewalk due to weather conditions that were general to the Columbia, Missouri

community" – the Court interprets Plaintiff's brief, when read as a whole, as intending to dispute whether the conditions were general to the community surrounding the Walgreens store because it goes to great lengths to set out the specific facts showing a genuine issue for trial. [Docs. # 19 at 2, # 20 at 2.] Plaintiff contends: "There exists dispute to the material fact as to the general weather condition at the time of the Plaintiff's fall." [Doc. # 20 at 6.] In determining whether summary judgment is appropriate, the Court must look at the record and any inferences to be drawn from it in the light most favorable to the non-moving party. As the Missouri court stated in *Cooper*, "[w]hether a weather condition of ice or snow was a general condition in the community or was an isolated condition in a particular area and whether a duty exists are questions of fact for a jury." 204 S.W.3d at 335 (citations omitted). Therefore, Defendant Walgreen Co.'s second argument that it owed no duty to Plaintiff as a matter of law also fails and its motion for summary judgment must be denied.

**III.   Conclusion**

Accordingly, it is hereby ORDERED that Defendant Walgreen Co.'s Motion for Summary Judgment [Doc. # 18] DENIED.

                                        s/ Nanette K. Laughrey
                                        NANETTE K. LAUGHREY
                                        United States District Judge

Dated:  December 7, 2010
Jefferson City, Missouri